IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No. **78-cv-1065-JLK**

**TERRANCE MARIONEAUX, et al., ( re: Dennis M. Blay and David W. Irons)**

Plaintiffs,

v.

**COLORADO STATE PENITENTIARY,**

Defendants.

# ORDER

Kane, J.

This matter is before me on a document entitled "Motion for Specific Performance, Pursuant to Marineaux v. C.S.P., Civil Action No. 78-K-1065" (doc. #90), filed October 26, 2006, by Dennis M. Blay and David W. Irons in which they complain that the Limon Correctional Facility is engaging in conduct which violates the terms and conditions of the Consent Decree entered in this action.

The original underlying case was filed in 1978, and later was certified as a class action comprised of certain Colorado state prisoners. The case challenged the classification, discipline and segregation procedures of the state. After temporary and preliminary injunctive relief had been granted, the parties entered into a consent decree adopted by the court *nunc pro tunc* on June 1, 1981. This case remained on the active docket until October 18, 1990, when the court issued an Order of Closure. A copy of the Order of Closure is attached to this order. The Order of Closure states that "(t)he terms of the earlier consent

decree and all prior orders of the court will remain in effect, except to the extent that plaintiff class members will not be required to go through plaintiffs' counsel or the administrative procedures." The Order of Closure further states that "(t)his case shall not be reopened except upon motion by counsel and a showing of good cause."

Pursuant to the Order of Closure, Messrs. Blay and Irons are authorized to pursue individual claims in an individual action. The clerk of the court will be directed to mail those individuals the forms established for use by prisoners who seek to file a civil rights complaint. Each should complete the forms and initiate a new civil action if he wishes to pursue his claims. Accordingly, it is

**ORDERED** that the relief sought in the "Motion for Specific Performance, Pursuant to Maiouneaux v. C.S.P., Civil Action No. 78-K-1065" is **DENIED.** It is

**FURTHER ORDERED** that the clerk of the court shall mail to Mr. Elbert, together with a copy of this order, two copies of the following forms: Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915; Prisoner's Civil Rights Complaint.

Dated this 1st day of November, 2006.

BY THE COURT:

S/John L. Kane
JOHN L. KANE, SENIOR JUDGE
UNITED STATES DISTRICT COURT