IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No. **78-cv-1065-JLK**

**TERRANCE MARIONEAUX, et al., ( re: Matthew Tazio Redmon)**

       Plaintiffs,

v.

**COLORADO STATE PENITENTIARY,**

       Defendants.

## ORDER RE DOCS 96 AND 97

Kane, J.

      Colorado Department of Corrections inmate Matthew Tazio Redmon moves *pro se* to enforce the 1981 Consent Decree entered in this action (Doc. 97) and to intervene in the action in order to challenge the adequacy of class counsel (Doc. 96). Pursuant to Judge Finesilver's Order of Closure dated October 18, 1990 (Doc. 8), the class action is closed and may be reopened only upon "motion by counsel and a showing of good cause." In the absence of such a motion, Mr. Redmon lacks standing to proceed either as a class member under Rules 65(d) or 70, or as a nonparty under Rule 71, to enforce what is now a 29-year-old Consent Decree. His appropriate course of action is to commence an individual action on his own behalf. *See* Orders dated 4/1/04 (re Matthew Elbert) (Docs. 88-89); Order dated 11/2/06 (re Dennis M. Blay and David W. Irons) (Doc. 91); and Am. Order dated 1/19/07 (re Janos Toevs).

      Mr. Redmon's attempt to end-run the Order of Closure by requesting leave to "intervene" in the class action to challenge the adequacy of class counsel is also unavailing. According to Mr. Redmon, the class consisting of "all prisoners who are or

ever will be confined in the [DOC]" was assured under the terms of the 1981 Consent Decree of representation by counsel *ad infinitum*. This, as Judge Finesilver recognized in 1990, was too long.

> Over the years that this case has remained on the active docket, certain significant changes to the referenced codes and manuals have occurred and additional ones have been contemplated . . . . When any benefits are weighed against the delays resulting from code and manual disputes going through plaintiffs' counsel's office, the court determines that it would be in the best interests of all parties *to terminate the current procedure and close the case. This would allow inmates to seek judicial remedies on their own in state or federal court without having to go through plaintiffs' or defendants' counsel or the time-consuming administrative proceedings described above. Additionally, [as] the plaintiff class has available to it the resources of the DOC's legal access system, which was established subsequent to the settlement in this case . . . it will not prejudice the parties to close the case.*

Order of Closure, pp. 3-4 (emphasis mine). Based on the foregoing,

**IT IS ORDERED** that Mr. Redmon's Motion for Enforcement of Existing Consent Decree (Doc. 97), as well as his Motion to Intervene and Challenging the Adequacy of the Representation of Plaintiff Class Counsel (Doc. 96), are both **DENIED**. It is

**FURTHER ORDERED** that the clerk of the court shall mail to Mr. Redmon, together with a copy of this Order, two copies of the following forms: Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915; Prisoner's Civil Rights Complaint.

Dated this 18th day of December, 2009.

*s/John L. Kane*
SENIOR U.S. DISTRICT JUDGE