IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No. **78-cv-1065-JLK**

**TERRANCE MARIONEAUX, et al., ( re: Matthew Tazio Redmon)**

       Plaintiffs,

v.

**COLORADO STATE PENITENTIARY, et al.,**

       Defendants.

## ORDER DENYING MOTION FOR RECONSIDERATION

Kane, J.

This 1978 prisoner class action is before me on *pro se* inmate Matthew Tazia Redmon's Motion to Amend or Alter my 12/18/09 Order in which I denied his Motions to Enforce the Consent Decree entered by Judge Finesilver in this action in 1981 and/or to intervene in the action to challenge the adequacy of class counsel. *See* Order (Doc. 101). I treat the Motion as a Motion for Reconsideration and DENY the relief requested.

The law of the case doctrine generally requires a court to adhere to its rulings in the interest of expeditious resolution of disputes and to prevent continued reargument of issues already decided. *Major v. Benton*, 647 F.2d 110, 112 (10th Cir. 1981). A motion for reconsideration is proper only when the court has "made a mistake not of reasoning but of apprehension . . . [or] if there has been a significant change or development in the law or facts since submission." *EEOC v. Foothills Title Guar. Co.*, 1991 WL 61012 at *3 (D. Colo. April 12, 1991), *aff'd*, 956 F.2d 277 (10th Cir. 1992). Because Mr. Redmon contends I "misapprehended the intention" of Judge Finesilver's 1990 Order of Closure in denying his Motions, I revisit my

Order to the extent necessary to consider this assertion.

Mr. Redmon contends the 1990 Order of Closure was limited to administrative requirements and did not "decertif[y] or disband" the plaintiff class. Mot. Alter or Am. (Doc. 104) at 2. Neither my Order nor the Order of Closure was premised on any such decertification or disbanding of class or class claims, and Mr. Redmon's assertion is not well taken. Instead, I find Mr. Redmon's arguments premised on a selective reading of both Orders and unpersuasive on the merits. A motion to reconsider should not be used "to reargue those issues already considered when a party does not like the way the original motion was resolved." *In re Houbigant, Inc.*, 914 F. Supp. 997, 1001 (S.D.N.Y. 1996). Accordingly,

Upon RECONSIDERATION of my December 18, 2009 Order (Doc. 101) for the reasons asserted in Mr. Redmon's Motion to Alter or Amend (Doc. 104), I REITERATE the rulings set forth in my December 18 Order and DENY the request for relief.

Dated this 4th of January, 2010.

*s/John L. Kane*
SENIOR U.S. DISTRICT JUDGE