IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No. **78-cv-1065-JLK**

**TERRANCE MARIONEAUX, et al., ( re:  Justin Rueb)**

       Plaintiffs,

v.

**COLORADO STATE PENITENTIARY,**

       Defendants.

---

**ORDER DENYING MOTION TO ENFORCE (DOC 110) and MOTION FOR MAILING (DOC 111)**

---

Kane, J.

Colorado Department of Corrections inmate Justin Rueb moves *pro se* to enforce the 1981 Consent Decree entered in this action and for "compensatory contempt damage awards" (Doc. 110) and also for an order directing the Clerk of the Court to mail a copy of Document 110 to class counsel (Doc. 111).  I note Rueb, who was likely not incarcerated (or perhaps even born) at the time either case was commenced, is simultaneously engaged in efforts to enforce a 1981 Stipulation and Agreement in a separate and unrelated prisoner civil rights action, *Floyd v. Ricketts*, Civil Action No. 78-cv-1754.[1]  Given fellow inmate Matthew Tazio Redmon's pending appeal in the instant case of my Order denying his Motion to Enforce the 1981 *Marioneaux* Consent Decree,

---

[1] In an Order on Rueb's Motion in the *Floyd v. Ricketts* case dated December 17, 2009, I ordered class counsel in that case to confer with representatives of the state of Colorado to re-examine that 31-year-old case and determine whether it is appropriate for closure.  The *Marioneaux* case, by contrast, has already been closed.

which is substantively identical to Mr. Rueb's, there is no utility in addressing Mr. Rueb's Motion unless and until the Tenth Circuit overrules that Order on its merits. Until then, I stand by the reasoning in my December 18, 2009 Order denying Mr. Redmon's Motion for Enforcement (Doc. 101).

Pursuant to Judge Finesilver's Order of Closure in the *Marioneux* case dated October 18, 1990 (Doc. 8), the class action is closed and may be reopened only upon "motion by counsel and a showing of good cause." In the absence of such a motion, Mr. Rueb, like Mr. Redmon, lacks standing to proceed either as a class member under Rules 65(d) or 70, or as a nonparty under Rule 71, to enforce what is now a 29-year-old Consent Decree. His appropriate course of action is to commence an individual action on his own behalf. *See* Order (Doc. 101) at 2 (citing 10/18/90 Order of Closure (Doc. 8)). *See also* Orders dated 4/1/04 (re Matthew Elbert) (Docs. 88-89); Order dated 11/2/06 (re Dennis M. Blay and David W. Irons) (Doc. 91); and Am. Order dated 1/19/07 (re Janos Toevs)(Doc. 94). Based on the foregoing,

**IT IS ORDERED** that Mr. Rueb's Motion to Enforce (Doc. 110) is **DENIED** for the reasons stated in the December 18, 2009 Order denying Mr. Redmon's similar request for relief. Mr. Rueb's Motion for the Court to Mail a Copy of his Rule 71 Motion to class counsel and to order class counsel to respond (Doc. 111) is **DENIED** as **MOOT**, both because the motion has been denied and because class counsel, David H. Miller, receives all filings, including those of Mr. Rueb, electronically via CM-ECF. It is

**FURTHER ORDERED** that the clerk of the court shall mail a copy of this Order

and a copy of Doc. 101 to Mr. Rueb, together with two copies of the following forms:

Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915;

Prisoner's Civil Rights Complaint.

    Dated January 27, 2010.

                                                          *s/John L. Kane*  
                                                          SENIOR U.S. DISTRICT JUDGE